IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAVID PHILLIP TURNER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TRACTOR SUPPLY COMPANY et al. : <br> : <br> : <br> Defendants. : <br> : <br> : | CASE NO.: 7:23-CV-70 (WLS) |

## ORDER

Before the Court is Defendant Tractor Supply Company's ("Defendant") Motion to Extend Deadline to File Dispositive Motions (Doc. 13); Emergency Motion (Doc. 14) to do the same, and Motion for Summary Judgment (Doc. 15).

On February 26, 2024, Defense Counsel filed a Motion to Extend the dispositive motion deadline in the above captioned case of Wednesday, February 28 2024 thirty (30) days. Apparently dissatisfied with the speed with which the Court was addressing his original Motion, Defense Counsel filed an Emergency Motion (Doc. 14) the next day, which reiterates verbatim the grounds asserted in the original motion but, this time, dubs it an "Emergency."

As an initial matter, the Court notes that Defendant's first Motion only became an issue which might warrant quick disposition when Defense counsel failed to move for an extension until two days before the originally set dispositive motion deadline, a deadline which was set more than eight months ago, in June 2023. (*See* Doc. 8). From a review of Defendant's motions, it appears that the delayed deposition which might give cause to extend the dispositive motion deadline, was scheduled for and conducted on February 20, 2024—a time well outside of the discovery period and only eight days before the dispositive motion deadline. Any need for an extension of the dispositive motion deadline should therefore have been apparent to counsel, at the latest, when the deposition was initially scheduled, and any delay

after that can be attributed only to counsel's failure to take prompt action in response to a foreseeable conflict with Court imposed deadlines.

With respect to the Motions to extend the dispositive motion deadline (Doc. 13 & 14), neither Motion indicates whether Plaintiff consents to the extension, as would be customary when submitting such a Motion for an extension of a Court deadline. In the interest of fairness, Plaintiff should be given an opportunity to object, if they wish to, to Defendant's requested discovery deadline, particularly because the rescheduled deposition occurred so long after discovery closed. Further complicating matters, on February 28, 2024, Defendant filed a Motion for Summary Judgment (Doc. 15). It is clear from the filings, however, that Defendant filed its Motion for Summary Judgment to ensure compliance with the Court's previous deadlines and would likely benefit from additional time to prepare its Motion for Summary Judgment.

To resolve the confusion which has resulted from Defendant's multiple filings, the Court issues the following direction to the Parties. First, Defendant is **ORDERED** to file a notice on the docket no later than **Tuesday, March 5, 2024**, informing the Court of whether it would prefer that the Court deny its Motion for Summary Judgment (Doc. 15) without prejudice and extend the dispositive motion deadline as initially requested, or, on the other hand, would prefer that the Court deny its Motions to extend the dispositive motion deadline as moot given that it has filed a dispositive motion by the original deadline. Second, once Defendant has filed such a notice, Plaintiff is **ORDERED** to file a response, no later than **Friday, March 8, 2024** indicating whether he objects to Defendant's proposed disposition of the motions at a bar. Thereafter, the Court will address Defendant's Motions.

**SO ORDERED**, this 29th day of February 2024

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**