IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAVID PHILLIP TURNER, : <br> : <br> Plaintiff, : <br> : <br> v. :     CASE NO.: 7:23-CV-70 (WLS) <br> : <br> TRACTOR SUPPLY COMPANY, : <br> *et al.*, : <br> : <br> : <br> Defendants. : <br> : <br> : | |

## ORDER

Before the Court is Defendant Tractor Supply Company's ("Defendant")[1] Motion for Summary Judgment (Doc. 15) ("the Motion"). For the reasons discussed below, that Motion is **DENIED**.

### I.  RELEVANT PROCEDURAL BACKGROUND

Plaintiff David Phillip Turner ("Plaintiff") commenced the above-captioned action on May 10, 2023, by filing a Complaint in Tift County Superior Court. (Doc. 1). Defendant removed the action on June 12, 2023, based on diversity jurisdiction. (Doc. 1). The Complaint (Doc. 1-1) alleges one (1) cause of action, for negligence. Defendant filed its Answer (Doc. 5) on June 6, 2023.

Defendant filed the instant Motion (Doc. 15) for summary judgment on February 28, 2024. Plaintiff filed his Response (Doc. 24) on April 3, 2024, and Defendant filed its Reply (Doc. 25) on April 17, 2024.

Upon initial review of the briefing, it became apparent that the Parties had failed to attach the discovery materials they relied upon, as required by the Court's Local

---

[1] Plaintiff names "John Does 1–10" as Defendants. However, there is no evidence in the Record of any attempt to serve these unidentified Defendants or to learn their identities and amend the Complaint accordingly. For all intents and purposes, therefore, the action is brought against a single Defendant, Tractor Supply Company.

1

Rule 5.1. M.D. Ga. L.R. 5.1. (*See* Docs. 15, 24 & 25). The Court therefore Ordered (Doc. 26) the Parties to file those discovery materials with the Court no later than Friday, June 28, 2024. Plaintiff filed the required depositions on June 18, 2024, but no other materials. (Docs. 29 & 30). Defendant filed their discovery materials on June 27, 2024.

Accordingly, the Motion is ripe for ruling.

## II.   MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56 "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).[2]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact

---

[2] Local Rule 56 requires the movant for summary judgment to attach to the motion a separate statement of the material facts about which the movant contends there is no genuine dispute to be tried. M.D. Ga. L. R. 56. The respondent shall attach to their response a separate statement of material facts to which respondent claims there exists a genuine dispute to be tried. The Parties have complied with Local Rule 56.

is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The movant can meet that burden by presenting evidence showing there is no genuine dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of an element of its case on which it bears the ultimate burden of proof. *See id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Moreover, to avoid summary judgment after the movant has met its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted).

### III. FACTUAL SUMMARY

On April 10, 2022, Plaintiff was shopping at a Tractor Supply Company Store in Tifton, Georgia. (Doc. 15-1 ¶ 1); (Doc. 24-1 ¶ 1).[3] Plaintiff, a regular customer, (Doc. 30 at 18), entered the store at around 5:00 P.M. (*Id.* at 21). After finding a shopping cart, he began walking through the store. (*Id.* at 22). After collecting several items, Plaintiff left his shopping cart, and began walking to the restroom. (*Id.* at 22).

On his way to the restroom, Plaintiff slipped on an unidentified cleaning fluid on the floor. (Doc. 30 at 22). He fell to the ground, with his right shoulder impacting first, followed by his right hip. (*Id.* at 21, 24–25). When Plaintiff fell, the cleaning fluid was not visible, (*id.* at 22), and there was no sign in the vicinity indicating that the floor was wet. (*Id.* at 63–64). After the fall, Plaintiff picked himself up, and went to find an employee. (*Id.* at 25).

---

[3] Consistent with the standard of review discussed above, the facts contained herein are taken in the light most favorable to Plaintiff, the nonmoving party. *See Matsushita*, 475 U.S. at 587–88.

Plaintiff found Ms. Heather Terry, a "Team Leader," who was approximately 40 feet away and told her about his fall. (Doc. 30 at 26). When Plaintiff and Ms. Terry examined the site of the fall, she put her foot in the substance and remarked "they were supposed to clean this spot up about 20 minutes ago." (*Id.* at 27). Although Ms. Terry offered to call an ambulance, Plaintiff drove himself to Tift Regional Hospital. (*Id.* at 29).

Plaintiff testified that, at the hospital, he saw an "orthopedic doctor," but he received no treatment and was instead referred to one "Dr. Banks[.]" (Doc. 30 at 29–30). Several days later, he saw Dr. Banks, who ordered an MRI. (*Id.* at 30). When Plaintiff next saw Dr. Banks, the doctor told him "there was extensive damage to [your] shoulder" and Plaintiff was scheduled for surgery. (*Id.* at 31). Plaintiff had "shoulder surgery" about one month after the fall, (*id.* at 31–32), and he went to physical therapy for about 7 months after that. (*Id.* at 32). Plaintiff reported ongoing pain after the fall and that he was unable to work for the next year. (*Id.* at 49).

### IV.  LAW AND ANALYSIS

Defendant moves for summary judgment on Plaintiff's negligence claim. (Doc. 15 at 15). Under Georgia law, "a person who owns or occupies land and 'by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." *Travis v. Quiktrip Corp.*, 794 S.E.2d 195, 198 (Ga. Ct. App. 2016) (quoting O.C.G.A. § 51-3-1). As such, to prevail in a premises liability action, a plaintiff must establish four elements (1) duty, (2) negligence, (3) causation, and (4) damages. *Suresh & Durga, Inc. v. Doe*, 894 S.E.2d 602, 605 (Ga. Ct. App. 2023) (citing *Retail Prop. Tr. v. McPhaul*, 857 S.E.2d 521, 526 (Ga. Ct. App. 2021)). Defendant attacks elements two and three. The Court will address each in turn.

#### A.  Negligence

To show negligence in a premises liability action based on a slip and fall claim, a plaintiff must establish "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the defendant." *Landrum v. Enmark Stations, Inc.*, 712 S.E.2d 585, 587 (Ga. Ct. App. 2011); *Robinson v. Kroger Co.*, 493 S.E.2d 403, 413–414

4

(Ga. 1997). Generally, "issues of negligence are not appropriate for summary adjudication except in plain and palpable cases." *Dupree v. Houston Cnty. Bd. of Educ.*, 849 S.E.2d 778, 783 (Ga. Ct. App. 2020) (quoting *Stone v. Winn Dixie Stores, Inc.*, 442 S.E.2d 1, 2 (Ga. Ct. App. 1994)).

### 1. Defendant's Knowledge

Defendant first contends that Plaintiff cannot show that it had actual knowledge of the substance Plaintiff slipped on. In support of this, Defendant points to the affidavit of Ms. Heather Terry who avers that "she conducted a visual inspection of the location of the [sic] Mr. Turner's fall fifteen to twenty minutes prior to his fall[,]" (Doc. 32-6 ¶ 7), and that "[she] found no spills or hazards during [her] inspection . . . ." (*Id.* ¶ 11). However, Plaintiff counters that he testified that when he spoke with Ms. Terry shortly after his fall she commented "they were supposed to clean this spot up about 20 minutes ago[,]" after Plaintiff showed her the site of his fall. (Doc. 30 at 27). Defendant makes three arguments that this conflicting testimony does not create a genuine dispute of material fact. (*See* Doc. 15 at 7–8). The Court rejects each.

First, Defendant argues that Plaintiff's testimony about Ms. Terry's admission is inadmissible hearsay, and the Court should therefore not consider it . Generally, a district court may not consider inadmissible hearsay on a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)). Defendant, however, is mistaken that the statement relied on by Plaintiff is hearsay.

The statement in question was uttered by Ms. Terry, who was an employee of Defendant, and was a Team Leader on shift at the time. (Doc. 32-6 ¶¶ 2–4). Under Federal Rule of Evidence 801(d)(2)(D), a party admission "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Here, Ms. Terry is an employee of Defendant, who in the course of her employment, made an admission to Plaintiff about the condition of the property, (Doc. 32-6 ¶¶ 2–4), and her affidavit makes plain that interactions with customers, and responsibility for locating and addressing spills on the property, fall within the scope of her job responsibilities. (*See id.* ¶¶ 2–22). Her statement

to Plaintiff, therefore, is not hearsay,[4] and the Court may consider it for purposes of this motion.[5]

Second, Defendant argues that Plaintiff's "self-serving testimony" cannot, alone, defeat summary judgment. Not so. That has not been the law of this Circuit for at least ten years. *See Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1351 (11th Cir. 2022). "Instead, 'when conflicts arise between the facts evidenced by the parties we must credit the [non-movant's] version.' And that is true, even if, as is often the case, the plaintiff's evidence consists primarily or solely of her own self-serving sworn statements or testimony." *Id.* (citations omitted) (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1254 (11th Cir. 2013)). Defendant therefore seriously misstates the law in its own favor. Generally, a plaintiff's testimony may only be discounted on summary judgment if it is "blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Feliciano*, 707 F.3d at 1253. None of these circumstances apply to Plaintiff's testimony about Ms. Terry's admission. The conflict of testimony between Ms. Terry's affidavit, and Plaintiff's testimony regarding her statements to him, raises precisely the type of factual dispute which is inappropriate to resolve at summary judgment. The conflict places the Parties in the classic trial position of testing Ms. Terry and Plaintiff's testimony by cross-examination.

Third, Defendant argues that Plaintiff's statement is "speculative and without evidentiary support" because it "does not indicate the location was not cleaned, that the liquid was found in the location, nor that the liquid was the reason that the location was allegedly to be cleaned." (Doc. 25 at 7). To the extent that Defendant argues that Plaintiff's testimony requires corroboration to be considered at summary judgment, that requirement has been plainly disavowed by the Eleventh Circuit. *See United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018) (en banc) (citing *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1160 (11th Cir. 2012)); *Williams v. Radford*, 64 F.4th 1185, 1198 (11th Cir. 2023). A corroboration standard, essentially,

---

[4] This is true regardless of whether she "had the authority to bind Defendant," (Doc. 25 at 6), given the disjunctive language of the Rule 801(d) exemptions. *See* Fed. R. Evid. 801(d)(2).

[5] The Court makes this finding only for the purposes of the instant Motion. It makes no findings as to the admissibility of Plaintiff's testimony about the statements of Ms. Herring as may be determined at a later stage in the proceedings or at trial.

requires the Court to assess credibility, which is solely the province of the jury. *See Stein*, 881 F.3d at 857–58 (citing *Anderson*, 477 U.S. at 249). As such, the Court finds Plaintiff's testimony is sufficient to create a genuine dispute of fact, even without corroboration from other evidentiary sources.

All that remains of this argument are quibbles with the specificity of Ms. Terry's admission. The Court, however, finds Ms. Terry's statement sufficiently clear that a reasonable jury could infer that she had actual knowledge of the substance which caused Plaintiff's fall. A genuine dispute of fact on this issue thus remains.

In sum, the Court is unpersuaded by any of Defendant's arguments that Plaintiff cannot show that Defendant had actual knowledge of the substance Plaintiff slipped in. And there is a genuine dispute of material fact as to whether Defendant had such knowledge. Summary judgment is thus not warranted on that issue.[6]

### 2.  Plaintiff's Negligence

Next, Defendant contends Plaintiff "failed to exercise reasonable care for his own safety." (Doc. 15 at 17). As an initial matter, Defendant's argument muddles the relevant inquiry in two respects. First, nearly all of the cases Defendant relies upon predate *Robinson v. Kroger*, 493 S.E.2d 403 (Ga. 1997), which represented a substantial evolution in the law of slip and fall cases. (*See* Doc. 15 at 17–18) (citing *King Hardware Co. v. Teplis*, 84 S.E.2d 686 (Ga. Ct. App. 1954); *Wynne v. S. Bell Tel. & Tel. Co.*, 126 S.E 388 (1925); *Smith v. Wal-Mart Stores, Inc.*, 406 S.E.2d 234 (Ga. Ct. App. 1991)). The cases' relevance today, is, at best, questionable. *See Hamilton v. Ky. Fried Chicken of Valdosta, Inc.*, 545 S.E.2d 375, 377 (Ga. Ct. App. 2001) ("[P]re-*Robinson* cases . . . must be carefully scrutinized."). Second, many of the remaining cases explain the law of static hazards on a property, such as improperly constructed access steps, which is a distinct branch of Georgia premises liability law. (*See* Doc. 15 at 17–18) (citing *Norwich v. Shrimp Factory, Inc.*, 770 S.E.2d 357 (Ga. Ct. App. 2015); *Stenhouse v. Winn Dixie Stores, Inc.*, 249 S.E.2d 276 (Ga. Ct. App. 1978)). This branch is inapposite to a slip and fall analysis, as one of Defendant's cases points out. *Norwich*, 770 S.E.2d at 359 ("[A] claim involving a

---

[6] Because the Court finds that there is a genuine dispute of material fact as to Defendant's actual knowledge of the substance, the Court need not reach Defendant's arguments regarding its constructive knowledge.

7

static defect differs from other slip and fall cases . . . ."). Defendant's argument therefore adds little.

In any case, "the fundamental basis for an owner or occupier's liability" in a premises liability case, is "that party's superior knowledge of the hazard encountered by the plaintiff." *Kroger*, 493 S.E.2d at 405. Once a plaintiff has met his burden to show that that the defendant had knowledge, "the burden of production shifts to the defendant to produce evidence that the plaintiff's injury was caused by his or her own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety)." *Am. Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 28 (Ga. 2009). Once the defendant has produced that evidence, a plaintiff may prevent summary judgment by showing there is a genuine issue of material fact on the issue of negligence. *Id.* Defendant's argument for summary judgment on the issue of Plaintiff's negligence fails for two reasons.

First, Defendant points to no specific evidence in the Record which suggests Plaintiff intentionally disregarded a known risk, or that he failed to exercise ordinary care for his own safety. The best Defendant offers is that "the record is devoid of any evidence that Plaintiff exercised reasonable care for his own safety[.]" (Doc. 15 at 18). In other words, Defendant points to an absence of evidence, when their burden is to produce evidence.

Second, Plaintiff points to ample evidence which creates a genuine dispute of fact as to his own negligence. For example, when Plaintiff described the events leading up to his fall, the narrative he provided is consistent with the exercise of ordinary care. (*See* Doc. 30 at 21) ("Q Did you take any drugs or controlled substance? . . . A . . . I am not an alcoholic, I don't drink. I don't take drugs . . . so the drugs is out."); (*id.* at 22) ("I got a buggy . . . I cut over to go the restroom. I left the bug there where the fuel tanks is at and went around the corner . . . I never made it to the bathroom . . . I stepped in something in the floor and slipped and fell . . . ."). And Plaintiff testified the substance was not visible. (*Id.*) ("Q When you slipped did you know what you slipped on? A No. Q Could you see anything? No."). The Court's review of the rest of the Record reveals no suggestion that Plaintiff knew of the risk before he fell, or that he failed to exercise ordinary care for his personal safety, and as noted, Defendant has identified no part of the Record which suggests so. A reasonable jury, therefore, could

8

find that Plaintiff was not voluntarily, or causally, negligent. Summary judgment is thus not warranted on the issue of whether Plaintiff was negligent.

### B.   Causation

Moving to the third element—causation—Defendant contends that Plaintiff has failed to meet his burden of production to show causation. (Doc. 15 at 18–20).[7] To establish causation, a plaintiff must "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Head v. Sears Roebuck & Co.*, 503 S.E.2d 354, 355–56 (Ga. Ct. App. 1998)(citation omitted) (quoting *Nelson v. Polk Cnty. Hist. Soc'y, Inc.*, 456 S.E.2d 93, 95 (Ga. Ct. App. 1995)). Ordinarily, expert evidence is not required to show causation in a negligence case. *Cowart v. Widener*, 697 S.E.2d 779, 781–82 (Ga. 2010). But Defendant asserts that this case is one which raises medical questions of the kind which requires Plaintiff to produce expert evidence to show causation.

To the extent that the nature of certain claimed injuries may require expert testimony to establish causation, the Court agrees with Defendant. If a case presents "specialized medical questions" related to causation "plaintiffs must come forward with expert evidence to survive . . . summary judgment . . . ." *Zephaniah v. Ga. Clinic, P.C.*, 890 S.E.2d 86, 91 (Ga. Ct. App. 2023) (quoting *Cowart*, 697 S.E.2d at 785). Such questions are present "where the existence of a causal link between the defendant's conduct and the plaintiff's injury cannot be determined from common knowledge and experience. *Cowart*, 697 S.E.2d at 787 ("a jury could not find a causal relationship between [defendant's] failure to render aid at the time . . . he first observed [plaintiff] was in real distress, . . . and [plaintiff's] death from internal bleeding [later]."). This is often the case when the "potential continuance of a disease" is at issue. *Seymour Elec. & Air Conditioning Serv., Inc. v. Statom*, 710 S.E.2d 874, 877 (Ga. Ct. App. 2011) (quoting *Allstate Ins. v. Sutton*, 658 S.E.2d 909, 915 (Ga. Ct. App. 2008)). So far, so good.

---

[7] Defendant couches this argument for summary judgment as warranted because Plaintiff allegedly failed to disclose experts. However, because the Court finds that summary judgment is not warranted for lack of expert evidence, Plaintiff's alleged failure to disclose experts has no impact on the outcome of the Motion. Defendant may renew this objection by separate motion at a later stage, if justified and supported by evidence and relevant law.

9

According to Defendant, "Plaintiff has suffered from the exact type of injury of which he complains of prior to the subject incident[,]" which renders his shoulder injury a preexisting condition of the type that requires medical evidence to establish causation. (Doc. 25 at 4). Plaintiff, essentially, concedes this point but argues that "they ha[ve] introduced evidence [sic] medical causation by way of medical records[.]" (Doc. 24 at 11). From the best the Court can surmise, these records were only turned over to Defendant in discovery. But, at this stage, the Court cannot take it on faith alone that such medical records exist. The records must be placed before the Court so that it can determine whether there is a genuine issue for trial. Plaintiff has failed to do so, which is particularly surprising, given that the Court specifically reminded the Parties of their obligation to file the discovery materials they rely upon on the docket. In another circuit, summary judgment might be proper for this omission alone. Luckily for Plaintiff, in the Eleventh Circuit, a district court may not grant summary judgment based solely on a lack of response by the non-moving party. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1102–03 (11th Cir. 2004). The Court must instead conduct its own independent review of the Record to determine if a genuine issue of material fact remains and address the merits of Defendant's motion. *Id.*

The Court's independent review of the Record and relevant caselaw reveals that a genuine dispute remains. Specifically, there is an exception to the potential continuance of a disease doctrine which, Defendant, conveniently, omits from its argument: when the preexisting condition in question has subsided prior to the occurrence of the tort, expert evidence is not required to show causation. *See Cox v. Rewis*, 429 S.E.2d 314, 317 (Ga. Ct. App. 1993)).

The previous injury Defendant refers to is an injury sustained when Plaintiff, in 1999, was thrown from a horse, (Doc. 30 at 58), and broke his right collarbone and tore his right rotator cuff. At the time, Plaintiff's right shoulder required surgery, but Plaintiff testified that the surgery "fixed it." (*Id.* at 14). Around the time of Plaintiff's fall, the only continuing symptom from his 1999 shoulder injury supported by the Record is arthritis. (*See id.* at 58) ("There's arthritis in my shoulder on the collarbone from being broke."). Critically, there is no evidence in the Record which suggests that, prior to the fall, Plaintiff was unable to use his right arm. To the contrary, it appears Plaintiff had the use of both arms prior to his fall. For

10

example, in the 24 hours leading up to his fall, Plaintiff was able to guide a shopping cart, (Doc. 30 at 30), pick up heavy items unaided, (*id.*), and hunt, (*id.* at 20),—all activities which typically require use of both arms. As such, the Record reflects that there is, at least, a genuine dispute as to whether Plaintiff's injury had subsided prior to the alleged tort. The Court is unpersuaded that a jury would be unable to resolve the question of causation, merely because Plaintiff suffered a similar injury nearly 25 years before the injury at issue in this case. *See Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 968 (11th Cir. 2013) ("Whether [plaintiffs] suffered new or aggravated back problems shortly after a low-speed collision with a tractor trailer is the type of question a lay jury could decide based on common knowledge." (citing *Hutcheson v. Daniels*, 481 S.E.2d 567, 569 (Ga. Ct. App. 1997)); *c.f. Nixon v. Pierce Cnty. Sch. Dist.*, 746 S.E.2d 225, 228 (Ga. Ct. App. 2013)("The causal link between a motor-vehicle accident causing injures [sic] to a pregnant mother and a later-discovered perinatal stroke suffered by her baby cannot be determined from common knowledge and experience.").

The question of proximate cause is usually reserved for the jury, *Johnson v. Avis Rent A Car Sys.*, 858 S.E.2d 23, 29 (2021), and "most medical questions relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony. *Cowart*, 697 S.E.2d at 785 (internal quotations removed); *see Jester v. State*, 296 S.E.2d 555, 556 (Ga. 1982) ("[T]hat a stab wound penetrating entirely through the heart causes death, is not a matter in the common experience of the human race which should even require expert testimony."). For example, a jury may reasonably infer causation "in light of [a] short lapse [of time] between [the] accident and . . . onset of symptoms, and receipt of medical treatment." *Hutcheson*, 481 S.E.2d at 569.

Here, the Record reflects a close temporal proximity between Plaintiff's fall, an onset of significant symptoms, and his seeking medical treatment. When Plaintiff fell, he fell directly onto his right shoulder followed by his hip. (Doc. 30 at 24). He immediately approached a store employee and informed her that he had fallen and "hurt his arm." (*Id.* at 26). When Plaintiff entered his car to drive to the hospital, he was unable to use his right arm. (*See id.* at 29) ("I walked out to my truck and climbed in my truck. I had to pull myself up in the truck with my left arm."). Plaintiff drove straight to Tift Regional Hospital, where he received a CT scan and providers there referred him to an orthopedic surgeon. (*Id.*) Plaintiff was also offered

11

pain medication at the hospital for his symptoms. Taken together, these facts, viewed in the light most favorable to Plaintiff, suggest that the symptoms of a significant arm injury occurred nearly immediately after Plaintiff's fall, and that Plaintiff received medical treatment and assessment without delay. The Court finds these facts sufficient for a jury to reasonably find that Plaintiff's fall caused his arm injury, even in the absence of expert medical evidence.[8]  As such, there is a genuine dispute of fact as to causation and summary judgment is not warranted on that element.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 15) is **DENIED**.

**SO ORDERED**, this 15th day of July 2024

/s/ W. Louis Sands<br>
**W. LOUIS SANDS, SR. JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[8] The Court makes a finding here only in response to the argument as made by Defendant, that summary judgment on the issue of causation is warranted for Plaintiff's inability to produce medical evidence, when such evidence is required. It makes no finding as to the question of injury in connection with damages claimed, and the extent of those damages, as may be determined at a later stage in the proceeding or at trial.